FERNANDO A. LUCCHETTI, Petitioner, *v.* DISTRICT COURT OF SAN JUAN ET AL., Respondents.

No. 1622. Argued February 18, 1946. Decided May 9, 1946. Rehearing denied May 9, 1946.

*F. J. Pérez Almiroty* for petitioner. *Enrique Díaz Viera* and *José Luis Purcell*, Attorneys of the Department of Labor, for respondents.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

In an action brought under Act No. 10 of 1917 (vol. II, p. 216), as amended by Act No. 17 of April 11, 1945 (Laws of 1945, p. 44), the Municipal Court of San Juan, on September 6, 1945, adjudged the defendant to pay to the plaintiff the sum of $173.91 as wages for 341 "ninth hours" of work.

On November 1, 1945, notice of the judgment was served on the defendant through his attorney, by mail, and on the same day a copy of the notice was attached to the record. On November 7, 1945, defendant Lucchetti filed a notice of appeal.

On the day set for the hearing of the appeal, the district court, on motion of the plaintiff-appellee, rendered judgment dismissing the appeal, on the ground that it had been taken after the expiration of the statutory term of five days. The defendant-appellant thereupon moved for a reconsideration of the judgment and alleged that the notice of appeal had been filed in time (*a*) because subdivision (*a*) of Rule 6 of the Rules of Civil Procedure provides that "when the period of time prescribed or allowed is less than seven days, intermediate Sundays and holidays shall be excluded in the computation"; and (*b*) because since notice of the judgment was filed on November 1st, which was Thursday, and the 3rd, Saturday, was a day on which the courts were closed and the 4th was Sunday, if those two days, Saturday and Sunday, should be excluded in the computation, the appellant had until the 8th of November for filing his notice of appeal; and since he filed it on the 7th, the court should have held that the appeal had been taken in time.

After the reconsideration sought was denied, the defendant-appellant instituted the present certiorari proceeding to review the judgment rendered by the lower court, and he

urges that the court *a quo* erred in not computing the period for appeal in accordance with said subdivision (*a*) of Rule 6.

█ █ The lower court did not err in dismissing the appeal. According to the provisions of Rule 81(*a*) of the Rules of Civil Procedure, those rules are applicable to "all ordinary civil actions and to all proceedings for mandamus, injunction, interdict for the retention or recovery of the possession of real property, intervention (*tercería*), and enforcement of homestead claims." Hence they are not applicable to civil actions of a special or extraordinary character, such as those established by Act No. 10 of November 14, 1917, entitled "An Act to determine the procedure in cases of claims for wages by farm laborers against their employers." It would not be possible to apply Rule 6 (*a*) to a case like the one at bar without applying thereto all the remaining rules which are applicable only to ordinary civil actions.

The judgment sought to be reviewed will be affirmed.

### ON MOTION FOR RECONSIDERATION

*Per curiam:* In his motion for reconsideration the petitioner calls to our attention the case of *Bages & Co., Inc.* v. *District Court,* 65 P.R.R. 204, in which we cited Rule 41(*b*) of the Rules of Civil Procedure in an action for the recovery of wages, brought under the special Act therein involved. The citation of Rule 41(*b*) which was contained in the *Bages* case, was made inadvertently, inasmuch as said rules have no application to that case. The result in *Bages & Co., Inc.* v. *District Court, supra,* was not affected by said citation, since the legal principle there upheld already existed in the Code of Civil Procedure.

The motion for reconsideration will be denied.